**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

R.J., and B.J.,

      Plaintiffs,                           Civil Action No. 1:23-cv-177-PAB-STV

vs.

BLUECROSS BLUESHIELD of TEXAS,

      Defendant.

---

**REPLY TO DEFENDANT BLUE CROSS AND BLUE SHIELD OF TEXAS'S NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

---

Brian S. King, #4610
**BRIAN S. KING, P.C.**
420 E. South Temple, Suite 420
Salt Lake City, UT 84111
Telephone: 801-532-1739
Fascimile: 801-532-1936
brian@briansking.com

*Attorney for Plaintiffs*

Pursuant to D.C. Colo. LCivR. 7.1(f), Plaintiffs R.J. and B.J. (collectively, "Plaintiffs") respectfully submit to the Court this response to BlueCross BlueShield of Texas's ("BCBSTX") Notice of Supplemental Authority in Further Support of its Motion to Dismiss.[1]

BCBSTX cites to a recent decision in the Northern District of Illinois in *C.B., individually and on behalf of R.B., a minor, v. Blue Cross and Blue Shield of Illinois and Mondelez Global LLC Group Benefits Plan* ("*C.B.*")[2] and state that because the issues raised in

---

[1] ECF Doc. No. 35.
[2] Case No. 23-cv-01206, See generally ECF Doc. No. 35-1.

1

this case are centered around "the same arguments"[3] the Court considered in that case, and because each case involves a requirement for 24-hour onsite nursing care, this Court should adopt the Northern District of Illinois court's rationale offered in *C.B.* and dismiss R.J.'s claims with prejudice.

BCBSTX misapprehends the *C.B.* court's decision and this Court should reject BCBSTX's arguments that the decision in *C.B.* supports a ruling in BCBSTX's favor on its motion to dismiss.

### 1. The Instant Case is Distinguishable from *C.B.*

While each case involves a denial of payment for residential treatment services predicated at least in part on the absence of 24-hour onsite nursing care, each case is distinct.

In both this case and *C.B.,* Plaintiffs alleged a violation of the Mental Health Parity and Addiction Equity Act (MHPAEA) through the imposition of a 24-hour onsite nursing requirement which severely limited the availability of residential treatment care. In *C.B.* this was the only MHPAEA violation alleged, however in this case Plaintiffs list additional examples of a violation of MHPAEA.

Plaintiffs note that BCBSTX's "requirements for residential treatment care are more numerous and more intensive than the same requirements for analogous medical or surgical care."[4] Plaintiffs also allege that "wilderness care or halfway houses" are excluded mental health benefits with no comparable medical or surgical restriction.[5] Plaintiffs also identify a disparity in

---

[3] ECF Doc. No. 35, at 3 of 5.
[4] ECF Doc No. 1, at ¶47.
[5] *Id*, at ¶48.

licensure requirements between residential treatment care and comparable medical/surgical treatment that violates MHPAEA.[6]

Further, Plaintiffs in this case have contested the applicability of the AACAP RTC Principles as the appropriate determiner of the standard of care, offered evidence that there are generally accepted standards that do not require 24-hour *onsite* nursing (including the AACAP RTC Principles themselves), and set forth arguments in the alternative that B.J.'s care at Red Mountain Colorado satisfied the AACAP RTC Principles regardless of BCBSTX's reliance on them, if the Court was inclined to apply them and consider this issue on the merits.[7]

Another fundamental difference between this case and *C.B.* is that in this case, as Plaintiffs noted in their opposition to BCBSTX's motion to dismiss, while Defendant did claim that 24-hour onsite nursing was a requirement for skilled nursing facilities, it either did not or could not make the same claim for the other medical/surgical analogues Plaintiffs identified including rehabilitation and hospice care.[8]

Plaintiffs are entitled to relief on these issues, none of which are at issue in the *C.B.* case. A dismissal based on the facts of *C.B.* would deprive them of that right.

## 2. A Requirement for 24-Hour Nursing Care is Contrary to Generally Accepted Standards of Medical Practice for Residential Treatment Centers.

R.J. argued extensively in his opposition to BCBSTX's Motion to Dismiss,[9] a requirement for residential treatment centers to offer 24/7 onsite nursing care is inconsistent with generally accepted standards of medical practice and violates MHPAEA by imposing a coverage

---

[6] *Id*, at ¶¶49-50.
[7] ECF Doc. No. 24, 6-7 of 16.
[8] *Id*, at 8 of 16.
[9] See generally *Id*; see also ECF Doc. No. 24-1, containing the opinion of Dr. Jeffrey A. Kovnick.

requirement that very few residential treatment centers can satisfy, effectively preventing coverage for RTCs almost entirely. Plaintiffs will not retread the path already laid in their Opposition here.

While the court in *C.B.* sided with the Defendant for the time being, it also dismissed without prejudice and provided a time frame within which the Plaintiffs may amend the Complaint to address the court's concerns. Accordingly, BCBSTX's reliance on this case in support of dismissal with prejudice is improper. Plaintiffs' counsel in this case also serves as counsel for the Plaintiffs in *C.B.* and has repled the claims in *C.B.* at the invitation of the Court. Even if the Court finds BCBSTX's arguments persuasive and dismisses Plaintiffs' claim, the supplemental authority cited by BCBSTX supports allowing Plaintiffs the option to replead and address any alleged deficiencies.[10]

## CONCLUSION

For the foregoing reasons, the Court should reject Defendants' contention that *M.P.* supports the pending motion to dismiss.

DATED this 19th day of February, 2024.

/s/ Brian S. King
Brian S. King, #4610
**BRIAN S. KING, P.C.**
420 E. South Temple, Suite 420
Salt Lake City, UT 84111
Telephone: 801-532-1739
Facsimile: 801-532-1936
brian@briansking.com

*Attorney for Plaintiffs*

---

[10] ECF Doc. No. 35-1, at 4 of 4 ("Defendants' motions to dismiss… are granted without prejudice. Plaintiff may file an amended complaint…").

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served to all parties registered to receive notices via the Court's CM/ECF system.

DATED this 19th day of February, 2024.

/s/ Brian S. King